Filed 2/3/16  P. v. Johnson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FREDERICK LEE JOHNSON,<br><br>    Defendant and Appellant. | B260641<br><br>(Los Angeles County<br>Super. Ct. No. TA058872) |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Conditionally reversed and remanded with directions.

Jonathan B. Steiner, Executive Director, Richard B. Lennon, California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Garett A. Gorlitsky, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Frederick Lee Johnson appeals from the order denying his petition for recall of his third strike sentence under the Three Strikes law (Three Strikes law; Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d))[1] and to be resentenced for a second strike pursuant to section 1170.126.

---

[1]    All further section references are to the Penal Code.

Section 1170.126 provides in pertinent part:  "(a) The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.

"(b) Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.

"[¶] . . . [¶]

"(e) An inmate is eligible for resentencing if:

"(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(f) Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e).  If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Defendant contends the trial court erred in finding his conviction for shooting at an inhabited dwelling (§ 246), a serious felony, disqualified him for such Proposition 36 relief, because his conviction in another count for possession of a firearm by a convicted felon (possession of firearm by felon; former § 12021, subd. (a)),**2** may not be a disqualifying felony.  He contends the order therefore must be reversed and the matter remanded to the trial court for an eligibility determination as to that count.  Respondent concedes "the matter may be remanded for further eligibility determinations."

We conclude their position is well-founded.  Defendant would be eligible for Proposition 36 relief if his sentence of 25 years to life on his current conviction of possession of firearm by felon was not based on the disqualifying factor that he was "armed with a firearm" (§§ 667, subd.(e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).  As defendant points out and respondent acknowledges, the record does not reflect whether defendant was "armed with a firearm."  We shall conditionally reverse the order and remand the matter for the trial court to make a determination on this issue and, if the court finds he was not so armed, to determine whether resentencing would pose an unreasonable risk of danger to public safety (§ 1170.126, subd. (f)).  The order is affirmed if the court determines defendant was armed with a firearm.  The order is reversed if the court makes negative determinations on these two issues.

## BACKGROUND[3]

Defendant was informed his son Fred, a "'Two Lefts' gang" member, had been shot and killed in the front yard of defendant's Lynwood house during a shootout by K-9,

---

**2**     All further references to possession of firearm by felon are to former section 12021, which is presently codified in section 29800.  "Effective January 1, 2012, former section 12021(a) was repealed and reenacted without substantive change as section 29800, subdivision (a).  [Citation.]" (*People v. White* (2014) 223 Cal.App.4th 512, 518, fn. 2.)

**3**     The following recital is based on this Court's unpublished opinion (Aug. 24, 2004, B167215) on defendant's appeal from the judgment and the clerk's transcript in this appeal.

3

a member of In Hood Crips, a rival gang. Subsequently, on November 19, 2000, defendant drove to a house where Kenneth Marshall, an In Hood gang member, lived. Although he knew Marshall had nothing to do with his son's death, at about 4:45 a.m., defendant fired shots into the house, because """"[s]ometimes you have to kill somebody innocent to bring out who you really want.""" No one was injured, but there were numerous bullet holes in the house and cars parked in the driveway. Three expended .45-caliber shell casings and bullet fragments were recovered.

Later that day, defendant and his girlfriend Tami Clark checked into a motel but "changed rooms, ending up in room 928." After leaving the next day, defendant returned to the motel and told Clark to retrieve his gun, which he left in their room. A motel housekeeper, however, discovered the gun in the dresser of room 928, and the police were summoned. The police recovered "a loaded Glock model 30 .45-caliber semiautomatic" from a drawer. This gun had fired the recovered casings but not necessarily the bullets that had fragmented. The gun was the subject of the possession of firearm by felon charge. It was stipulated defendant had been previously convicted of a felony.

In the motel lobby, defendant told police he was not staying in room 928; rather, he and Clark had been visiting a friend there and asked if this person was in trouble. The officer responded no, adding he needed to talk to the room's occupant. After the manager described that occupant, the officer went to speak with defendant but he had left. At trial, the manager could not identify defendant as the one he saw at the front desk that day. A female front desk employee testified she did not recall whether a man or woman tried to return to room 928 and did not recall seeing defendant that day at the motel. She did observe in defendant's photograph a similarity she could not place.

The jury convicted defendant of shooting at an inhabited dwelling, with the personal use of a firearm (§§ 246, 12022.5, subd. (a); count 2) and possession of firearm

4

by felon (former §12021, subd. (a)(1); count 3).[4] The trial court found true defendant previously had been convicted of four prior felony convictions pursuant to the Three Strikes law and a prior serious felony (§ 667, subd. (a)) and he had served five prior prison terms (§ 667.5, subd. (b)).

The trial court sentenced defendant to prison to consecutive sentences of 25 years to life under the Three Strikes law, one on count 2 (shooting at an inhabited dwelling) and the other on count 3 (possession of firearm by felon), plus the five years on the prior serious felony enhancement.[5]

We affirmed the judgment. (See fn. 3, *ante*.)

## DISCUSSION

Proposition 36 (or the Act) became effective on November 7, 2012. (*People v. Johnson* (2015) 61 Cal.4th 674, 685 (*Johnson*).) "Prior to its amendment by the Act, the Three Strikes law required that a defendant who had two or more prior convictions of violent or serious felonies receive a third strike sentence of a minimum of 25 years to life for any current felony conviction, even if the current offense was neither serious nor violent. (Former §§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A).) The Act amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. In that circumstance, unless an exception applies, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); see §§ 667.5, subd. (c) [list of violent felonies], 1192.7 [list of serious felonies], 1192.8 [additional serious felonies for purposes of § 1192.7].)

---

[4]     The information did not allege in committing the possession of firearm by felon offense defendant was armed with a firearm. The attempted murder charged in count 1 was dismissed following a mistrial on that count.

[5]     The court imposed and stayed the four-year personal firearm use enhancement on count 2 and stayed sentencing on the prior prison term findings.

"The Act's exceptions to the new sentencing provisions relate to a defendant's current offense and prior offenses. If the current offense involves controlled substances and specified findings are made concerning the quantity of controlled substances involved, or if the current offense is among specified sex offenses, a defendant with two or more strikes must be sentenced to a term of at least 25 years to life. (§§ 667, subd. (e)(2)(C)(i)-(ii), 1170.12, subd. (c)(2)(C)(i)-(ii).) A third strike sentence is also required if, '[d]uring the commission of the current offense, the defendant used a firearm, was *armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person.' (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)" (*Johnson*, *supra*, 61 Cal.4th 674, 680-681, fns. omitted, italics added.)

Further, "the Act provides a procedure by which some prisoners already serving third strike sentences may seek resentencing in accordance with the new sentencing rules. (§ 1170.126.) 'An inmate is eligible for resentencing if [¶] . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . .' (§ 1170.126, subd. (e)(1).) Like a defendant who is being sentenced under the new provisions, an inmate is disqualified from resentencing if any of the exceptions set forth in section 667, subdivision (e)(2)(C) and section 1170.12, subdivision (c)(2)(C) are present. (§ 1170.126, subd. (e).) In contrast to the rules that apply to sentencing, however, the rules governing resentencing provide that an inmate will be denied recall of his or her sentence if 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Johnson*, *supra*, 61 Cal.4th 674, 682.)

In *Johnson*, the Court clarified "the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Johnson*, *supra*, 61 Cal.4th 674, 688.) This holding is subject to the caveat the inmate's eligibility for recall of his third strike sentence and

6

resentencing as a second strike remain subject to certain disqualifying factors, including the fact the nonserious and/or nonviolent offense was committed while the inmate was "armed with a firearm" (§§ 667, subd.(e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2)) and that "resentencing of the [inmate] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Possession of firearm by felon (§ 12021, subd. (a)) is not a serious and/or violent felony (§§ 667.5, subd. (c) [list of violent felonies], 1192.7 [list of serious felonies], 1192.8 [additional serious felonies for purposes of § 1192.7].) The record does not reflect affirmatively that defendant was "armed with a firearm" during that offense. (*White*, *supra*, 223 Cal.App.4th 512, 524 [constructive firearm possession sufficient].)

DISPOSITION

The order denying the petition is conditionally reversed and the matter is remanded with directions to the trial court to make further eligibility determinations. The order is affirmed if defendant committed possession of a firearm by felon while "armed with a firearm." The order is reversed with directions to grant the petition and hold further proceedings if the court finds defendant was not so armed and resentencing would not pose an unreasonable risk of danger to public safety.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.


7